

FILED & ENTERED

MAY 12 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| In re:   Peli Popovich Hunt, Debtor. | Case No.:   2:11-bk-58222-ER<br>Chapter:   7<br><br>**MEMORANDUM OF DECISION GRANTING CHAPTER 7 TRUSTEE'S MOTION TO APPROVE SETTLEMENT AGREEMENT**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |
|---|---|

    The Court has reviewed the Chapter 7 Trustee's Motion for Order Authorizing Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 Re Miguel Popovich and Gaston Popovich ("Motion") [Doc. No. 492], documents filed in opposition thereto by Peli Popovich Hunt ("Debtor"), and the Chapter 7 Trustee's Reply Brief ("Reply") in support of the Motion [Doc. No. 499]. The Court finds that the Trustee has provided notice of the Motion to all creditors and interested parties as required by Bankruptcy Rule 2002(a)(3). *See* Notice of Chapter 7 Trustee's Motion for Order Authorizing Settlement Pursuant to Federal Rule of Bankruptcy Procedure 9019 Re Miguel Popovich and Gaston Popovich [Doc. No. 493]. No creditors have objected to the Motion; the only objection on file is from the Debtor. The Court finds this matter appropriate for disposition without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3).[1] For the reasons set forth below, the Trustee's Motion is GRANTED and the May 17, 2016 hearing on the Motion is VACATED.

---

[1] Oral presentations made by the Debtor in support of her opposition to various other motions filed in this case have been of no assistance to the Court.

## I. Facts and Summary of Pleadings
### A. History of the Litigation and Description of the Proposed Settlement

The Settlement Agreement resolves three pending Adversary Proceedings, each of which seeks to recover real property that the Debtor transferred shortly before filing her Chapter 11 petition. On October 7, 2015, the Court entered summary judgment in the Trustee's favor in two of the adversary proceedings, Adv. Nos. 2:13-ap-01007-ER and 2:13-ap-01008-ER (the "Miguel Popovich Adversaries"). Defendant, the Debtor's brother, appealed the entry of summary judgment in both matters. On October 13, 2015, the Court granted in part and denied in part the Trustee's motion for summary judgment in Adv. No. 2:13-ap-01006-ER (the "Gaston Popovich Adversary"), and set a trial date for the matter.

The Court strongly urged the parties to attempt to resolve the issues raised by the Adversary Proceedings through mediation. After attending mediation conducted by retired Bankruptcy Judge Mitchell Goldberg on November 19, 2015, the parties entered into a binding term sheet, subject to more complete documentation. The final Settlement Agreement was fully documented and executed on April 26, 2016.

The principal terms of the Settlement Agreement are as follows: Defendants will pay $250,000 (the "Settlement Amount") to resolve the claims asserted in the Adversary Proceedings.[2] The Trustee will deliver signed releases of Lis Pendens (the "Lis Pendens Releases") on the three properties to Hemar, Rousso & Heald, LLP ("HRH"), the law firm representing the Defendants. HRH will hold the Lis Pendens Releases until any appeal relating to approval of the Settlement Agreement has been fully resolved, after which HRH may deliver the Lis Pendens Releases to the Defendants. The Defendants will waive any claims that they could pursue against the Debtor's estate, including a claim by Miguel Popovich for a purported loan to the Debtor of $100,000. The parties will release one another of all claims.

### B. Debtor's Opposition to the Settlement Agreement

The Debtor filed three documents in opposition to the Settlement Agreement, captioned as follows: Memorandum in Opposition to Notice of Chapter 7 Trustee's Motion for Order Authorizing Settlement ("Opposition") [Doc. No. 496], Motion for Order in Opposition to Deny & Return Settlement Re: Miguel Popovich & Gaston Popovich Pursuant to Federal Rule of Procedure 586(f) Vacate Judgment ("Supplemental Opposition") [Doc. No. 497], and Errata By and Through Memorandum in Opposition to Notice of Chapter 7 Trustee's Motion for Order Authorizing Settlement ("Errata") [Doc. No. 498]. The Opposition and Supplemental Opposition largely fail to respond to the Motion, instead reiterating Debtor's disagreement with the Court's previous rulings in this case. To the extent that the Opposition and Supplemental Opposition are responsive, the Debtor's arguments are as follows:

1) The Court lacks jurisdiction to approve a settlement of the Adversary Proceedings because the Defendants have not consented to entry of a final judgment by the Court on the claims asserted in the Adversary Proceedings.
2) The Debtor was not allowed to attend the mediation proceedings, and the Defendants were coerced into agreeing to the Settlement Agreement.
3) The Settlement Agreement should not be approved because the Defendants would have ultimately prevailed in the litigation.

---

[2] The Trustee has already received the Settlement Amount. The funds will be held in a segregated account pending approval of the Settlement Agreement and resolution of any appeals. *See* Notice of Receipt of Fully Executed Settlement Agreement [Doc. No. 495].

4) The Settlement Agreement unfairly benefits certain of the estate's creditors, who are subject to criminal prosecution and do not deserve to be repaid.
5) The Motion seeking approval of the Settlement Agreement is governed by the Federal Rules of Civil Procedure, not the Federal Rules of Bankruptcy Procedure, and was not properly noticed or served.
6) The Trustee breached her fiduciary duties to the estate by failing to report crimes perpetrated by certain of the estate's creditors upon the Debtor. "Under Federal Rule 11 U.S.C. 586 [sic; apparently a reference to 28 U.S.C. §586] [the Trustee] must report the crime against the Debtor." Supplemental Opposition at 13.

### C. Trustee's Reply to the Debtor's Opposition
The Trustee makes the following arguments in reply to the Debtor's opposition:
1) The Court has jurisdiction to approve the Settlement Agreement. The complaints filed in each Adversary Proceeding alleged the personal and subject matter jurisdiction of the Court; alleged that each Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(H); and consented to entry of a final judgment by the bankruptcy court. Each answer filed by the Defendants admitted the jurisdictional allegations contained in the complaints, and consented to entry of a final judgment by the bankruptcy court.
2) It was not improper for the Debtor to be excluded from participation in the mediation. The Debtor is not a party to the Adversary Proceedings.
3) With respect to the Debtor's contention that the Defendants would prevail in the litigation, certain of the Debtor's allegations actually support the Trustee's position. "For example, the Debtor argues that the fraudulent transfers that are the subject of the Adversary Proceedings had a 'lack of consideration,' that there are no bank records evidencing that the Debtor received any consideration for the transfers, and that the Debtor did not rent the properties or pay taxes on them." Reply at 4. Other allegations made by the Debtor could potentially support certain defenses raised by the Defendants. However, it "is precisely this balancing of the arguments and evidence advanced by each party in the litigation that has led to the Settlement that is now before the Court for approval." *Id.*
4) Contrary to the Debtor's belief, the Motion is governed by Bankruptcy Rule 9019 and the corresponding local rules. The Motion was properly noticed and served in accordance with the applicable rules.

## II. Findings and Conclusions
"In determining the fairness, reasonableness and adequacy of a proposed settlement agreement, the court must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises." *Martin v. Kane (In re A&C Properties)*, 784 F.2d 1377, 1381 (9th Cir. 1986). "[C]ompromises are favored in bankruptcy, and the decision of the bankruptcy judge to approve or disapprove the compromise of the parties rests in the sound discretion of the bankruptcy judge." *In re Sassalos*, 160 B.R. 646, 653 (D. Ore. 1993). In approving a settlement agreement, the Court must "canvass the issues and see whether the settlement 'falls below the lowest point in the range of reasonableness.'" *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir. 1983).

Applying the *A&C Properties* factors, the Court finds that the Settlement Agreement is fair and reasonable. As set forth below, all four factors weigh in favor of approving the Settlement Agreement.

### A. Probability of Success in the Litigation

When taking into account the substantial Settlement Amount of $250,000, this factor weighs in favor of approving the Settlement Agreement. While the Trustee has already obtained summary judgment in his favor in the Miguel Popovich Adversaries, that judgment remains subject to reversal on appeal. Even if not reversed, the estate's net recovery would not necessarily materially exceed the Settlement Amount, after considering the additional costs of both continued prosecution and liquidation of the Properties.

With respect to the Gaston Popovich Adversary, the Trustee's chances of succeeding in the litigation are difficult to predict. In that matter, Gaston Popovich asserts an affirmative defense of adverse possession with respect to the property at issue, the Casper Property. The adverse possession claim presents an issue of fact that must be resolved at trial. The issue would be determined by the testimony of Gaston Popovich and possibly the testimony of other family members. The outcome of this disputed issue of fact is inherently uncertain. The Settlement, by contrast, results in the certain infusion of $250,000 into the estate. The certainty that the estate will receive funds now—as opposed to the uncertainty that the estate might obtain a recovery after protracted litigation—weighs in favor of approving the Settlement Agreement.

### B. Difficulties to be Encountered in the Matter of Collection

This factor weighs in favor of approving the Settlement Agreement. Any final judgment obtained by the Trustee would be difficult and expensive to translate into funds that could be distributed to creditors. The Properties that are the subject of the avoidance actions are all located in Texas. The Trustee has already obtained approval of the employment of special litigation counsel in Texas in anticipation of the need to liquidate the Properties. The Settlement Agreement makes it unnecessary for the Trustee to continue paying the special litigation counsel to liquidate the Properties. The Properties are located in suburban Houston and their value may decline as a result of the fall in oil prices.

### C. Complexity of the Litigation and the Expense, Inconvenience, and Delay Necessarily Attending It

This factor weighs in favor of approving the Settlement Agreement. Absent the Settlement, the Trustee will be required to litigate the Gaston Popovich Adversary through trial, as well as litigate any appeals subsequent to trial. Although the Trustee has obtained summary judgment in connection with the Miguel Popovich Adversaries, those judgments have been appealed. Additional litigation, which could potentially take years, would be necessary before the judgments could be reduced to cash for the benefit of creditors.

### D. Paramount Interests of Creditors

This factor weighs in favor of approving the Settlement Agreement. Creditors received proper notice of the Motion pursuant to Bankruptcy Rule 2002(a)(3). No creditors have objected to approval of the Settlement Agreement. The estate will obtain $250,000 in connection with the Settlement Agreement, as well as the elimination of a $100,000 proof of claim asserted by Miguel Popovich. The Trustee will not be required to incur additional administrative costs

defending the appeals in the Miguel Popovich Adversaries and litigating the Gaston Popovich Adversary through trial. Administrative expenses of the Trustee's special litigation counsel, which would be incurred in connection with the liquidation of the Properties, are also avoided. Creditors will benefit by obtaining a recovery much sooner than if litigation were to drag on for years.

**E. The Debtor's Opposition Does Not Present Grounds for Disapproving the Settlement Agreement**

Nothing in the papers filed by the Debtor in opposition to the Motion constitutes grounds for disapproving the Settlement Agreement. There is no merit to the Debtor's objection that she was not permitted to attend the mediation proceedings. The Debtor is not a party to any of the Adversary Proceedings. Her attendance at the mediation was neither necessary or appropriate.

The Debtor's allegations regarding crimes committed by certain creditors of the estate are not relevant. The Trustee's statutory obligation is to "collect and reduce to money the property of the estate." §704(a)(1). The Trustee's obligation persists even if certain creditors are subject to criminal charges or are criminally convicted. For clarity, the Court emphasizes that it makes no findings with respect to the Debtor's allegations of criminal wrongdoing by the estate's creditors. Such allegations simply have no bearing upon the merits of the Settlement Agreement.

The Debtor's contention that the Defendants have not consented to the Court's jurisdiction, or have not consented to entry of a final judgment in the Adversary Proceedings, is not correct. The Answers filed by the Defendants admitted the Court's jurisdiction and consented to entry of a final judgment by the Court. Further, in the Memorandum of Decision granting the Trustee's Motion for Summary Judgment in the Miguel Popovich Adversaries, the Court found that it had jurisdiction to enter final judgment. *See* Doc. No. 133, Adv. No. 2:13-ap-01007-ER at 7; Doc. No. 131, Adv. No. 2:13-ap-01008-ER at 8. The Court made the same finding in its ruling on the Trustee's Motion for Summary Judgment in the Gaston Popovich Adversary. *See* Doc. No. 115, Adv. No. 2:13-ap-01006-ER at 15. There is no jurisdictional impediment to approval of the Settlement Agreement.

The Debtor's unsubstantiated allegation that the Defendants agreed to the Settlement under duress is wholly implausible. The Defendants have already delivered $250,000 in funds to the Trustee in connection with the Settlement Agreement. The Trustee confirms that the funds have cleared. These are not the actions of parties acting under duress. The Defendants received the advice of competent counsel and determined that the Settlement Agreement was in their best interests. The Defendants clearly want this litigation over and to go on with their lives. It is the Debtor alone that wants them mired in continued litigation.

The Debtor's assertion that the Motion was not properly noticed and served is wrong. The Trustee served the Motion upon creditors as required by Bankruptcy Rule 2002(a)(3), and provided adequate notice as required by the applicable Local Bankruptcy Rules.

The Debtor devotes substantial space to challenging the Court's rulings granting the Trustee's Motions for Summary Judgment in the Miguel Popovich Adversaries. The underlying premise of the Debtor's argument appears to be that the Settlement Agreement should be disapproved because the Defendants should have prevailed in the Adversary Proceedings, or ultimately will prevail upon appeal. However, the Debtor is not a party in any of the Adversary Proceedings. Moreover, the Defendants, who are the interested parties, decided after receiving the advice of competent counsel that settlement was in their best interest. That the Debtor disagrees with that decision is no reason to disapprove the Settlement Agreement.

In the Supplemental Opposition, the Debtor intersperses her objections to the Settlement Agreement with periodic requests for additional affirmative relief. The Debtor's requests for additional relief are denied. There is no merit to the Debtor's allegation that the Trustee breached her fiduciary duties to the estate by failing to report crimes allegedly committed against the Debtor by certain of the estate's creditors. The Debtor repeatedly asserts that the Trustee is in violation of "Federal Rule 586(f)," which, as best as the court can determine, appears to be a reference to 28 U.S.C. §586. Section 586 of Title 28 is inapposite; that section refers to the supervisory duties of the United States Trustee. The Court notes that throughout these proceedings, the Debtor has repeatedly made unsubstantiated accusations that the Trustee has failed to properly carry out her duties vis-à-vis the estate or has otherwise engaged in wrongful conduct. These allegations, which have never been supported by competent evidence, are not well taken. To the extent that the Debtor's Supplemental Opposition may be construed as a motion to vacate the Court's orders granting summary judgment in the Trustee's favor in the Miguel Popovich Adversaries, such motion is denied. Not being a party to the Miguel Popovich Adversaries, the Debtor lacks standing to move to vacate or reconsider judgments entered in those proceedings.

The Court will enter an order consistent with this Memorandum of Decision.

###

Date: May 12, 2016

Ernest M. Robles
United States Bankruptcy Judge