

FILED & ENTERED

NOV 14 2016

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY gonzalez DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# LOS ANGELES DIVISION

| | |
|---|---|
| In re:  Peli Popovich Hunt,<br>         Debtor. | Case No.:  2:11-bk-58222-ER<br>Chapter:  7<br><br>**MEMORANDUM OF DECISION AWARDING FEES AND EXPENSES TO THE ESTATE'S PROFESSIONALS**<br><br>[No hearing required pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3)] |

    The Court has reviewed the applications for payment of fees and expenses filed by professionals employed by the estate, the opposition to the applications filed by the Debtor Peli Popovich Hunt ("Hunt"), and the reply in support of the fee applications filed by the Chapter 7 Trustee ("Trustee").[1] The Court finds this matter appropriate for disposition without oral

---

[1] The Court has reviewed the following papers in connection with this matter:
1) Notice to Professionals of Interim and/or Final Applications for Compensation for Services Rendered and Reimbursement of Expenses Incurred [Doc. No. 513];
2) Omnibus Notice of Hearing Re Interim and Final Applications for Compensation for Services Rendered and Reimbursement of Expenses Incurred [Doc. No. 520];
3) Second Interim Application for Compensation of Attorneys' Fees and Expenses by SulmeyerKupetz, a Professional Corporation, General Bankruptcy Counsel for Chapter 7 Trustee [Doc. No. 517];
4) Application for Payment of Final Fees and/or Expenses [filed by Nathan Sommers Jacobs] [Doc. No. 518];
   a) Declaration of Elissa D. Miller, Chapter 7 Trustee, in Support of First and Final Application for Compensation of Attorneys' Fees and Reimbursement of Expenses by

argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Bankruptcy Rule 9013-1(j)(3).[2] For the reasons set forth below, the Court will award the fees and expenses as requested by the applicants. The hearings on the fee applications scheduled to take place on November 16, 2016, at 11:00 a.m. are VACATED.

    Hunt's Opposition to the fee applications is overruled. The Opposition fails to identify specific services performed by the estate's professionals which were allegedly unnecessary, or to point to billing entries which were allegedly excessive. Instead, the Opposition reiterates Hunt's disagreement with the Court's previous rulings in this case. For example, the Opposition restates Hunt's objections to the Court's orders approving the Trustee's sale of properties located in Torrance and Glendale; to the Court's rulings granting summary judgment to the Trustee in two adversary proceedings to avoid fraudulent transfers; and to the Court's denial of Hunt's motion to disqualify the Trustee. These arguments are not relevant to the determination of the instant fee applications, and are an improper attempt to reargue issues that have long since been decided. Hunt's inflammatory and unsubstantiated allegations that the Trustee and the estate's professionals have failed to discharge their fiduciary responsibilities are likewise overruled.

    The only argument in Hunt's Opposition that is responsive is Hunt's assertion that she received inadequate notice of the fee applications. Hunt claims that pursuant to Bankruptcy Rule 9006(f), she was entitled to receive 24 days' notice of the hearing on the fee applications, rather than the 21 days' notice that was provided. Hunt is incorrect.

    Bankruptcy Rule 9006(f) provides in relevant part: "When there is a right or requirement to act or undertake some proceedings within a prescribed period after service and that service is by mail …, three days are added after the prescribed period would otherwise expire under Rule 9006(a)." Local Bankruptcy Rule ("LBR") 2016-1(a)(2)(B) provides that the debtor must receive 21 days' notice of the hearing on an interim fee application. LBR 9013-1(f)(2) requires that an opposition to an interim fee application be filed not later than fourteen days before the date designated for the hearing. Hunt argues that under Bankruptcy Rule 9006(f), the fee applicants were required to add three days to the 21-day notice period prescribed by LBR 2016-1(a)(2)(B), since notice of the hearing was served upon Hunt by mail. Hunt's theory is that her right to file an opposition is "a right … to act … within a prescribed period" per Bankruptcy Rule 9006(f), necessitating an additional three days' notice.

    Hunt misconstrues the interplay between LBR 2016-1(a)(2)(B), LBR 9013-1(f)(2), and Bankruptcy Rule 9006(f). The right to file an opposition to a motion is not "a right or

---

    Nathan Sommers Jacobs, a Professional Corporation, Special Real Estate Counsel for Chapter 7 Trustee [Doc. No. 519];
5) Application for Payment of Interim Fees and/or Expenses [filed by LEA Accountancy, LLP] [Doc. No. 515];
    a) Declaration of Elissa Miller in Support of the First Interim Fee Application for LEA Accountancy, LLP [Doc. No. 516];
6) Opposition to All Fees for Hearing on November 16, 2016 ("Opposition") [Doc. No. 524];
    a) Errata By and Through Opposition to All Fees for Hearing on November 16, 2016 [Doc. No. 525];
7) Chapter 7 Trustee's Reply to Debtor's Opposition to All Fees for Hearing on November 16, 2016 ("Reply") [Doc. No. 526].

[2] Oral presentations made by Hunt in support of her opposition to various other motions filed in this case have been of no assistance to the Court.

requirement to act … within a prescribed period after service" within the meaning of Bankruptcy Rule 9006(f). The reason is that LBR 9016-1(f)(2) defines the right to file an opposition by reference to the date of the hearing, not by reference to the date the motion was served. *See* LBR 9016-1(f)(2) ("each interested party opposing or responding to the motion must file and serve the response … not later than 14 days before the date designated for the hearing"). LBR 9016-1(f)(2) does not say that the opposition must be filed "within seven days of service of the motion." Were that the case, the filing of an opposition would be a "right or requirement to act … within a prescribed period after service," and the seven-day period would be extended to ten days where service was by mail, pursuant to Bankruptcy Rule 9006(f). However, that is not how the Local Rules are drafted.[3] Therefore, there is no merit to Hunt's contention that she did not receive adequate notice of the fee applications.

Turning to the merits of the fee applications, §330(a)(1) allows the Court to award "reasonable compensation for actual, necessary services rendered" by a professional. In determining the amount of compensation to award, the Court considers the

> nature, the extent, and the value of such services, taking into account all relevant factors, including—
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

§330(a)(3).

**SulmeyerKupetz's Interim Fee Application**

SulmeyerKupetz, general bankruptcy counsel for the Trustee, seeks fees in the amount of $679,308.50 and expenses in the amount of $16,857.48, on an interim basis. The Court finds that the services performed by SulmeyerKupetz were beneficial to the estate, and that the time spent and rates charged for those services were reasonable. SulmeyerKupetz has been required to perform an extensive amount of work to liquidate the assets of this estate because Hunt has

---

[3] This distinction is further illustrated by LBR 9013-1(o), which provides that certain types of motions may be determined after notice of opportunity to request a hearing. The deadline to oppose a motion brought under LBR 9013-1(o) is defined with reference to the date of service of the motion: "When the notice of opportunity for hearing procedure is used, the notice must state that LBR 9013-1(o)(1) requires that any response and request for hearing must be filed with the court and served on the movant and the United States trustee within 14 days after *the date of service of the notice.*" LBR 9013-1(o)(1)(A)(ii) (emphasis added). For motions made under LBR 9013-1(o)(1), three days are added to the fourteen period where service is by mail.

vigorously opposed nearly every action undertaken by the Trustee. SulmeyerKupetz was required to defend against Hunt's appeal of virtually every single order entered in the Trustee's favor; many of those appeals are still pending before the Ninth Circuit, after being decided in favor of the Trustee by the District Court. SulmeyerKupetz's services have included, without limitation, the following:

1) Successful prosecution of a motion to sell real property located in Torrance for $4.05 million, which netted more than $2.2 million for the estate; successful defense of Hunt's appeal of the Sale Order before the District Court; and defense of Hunt's appeal of the District Court's affirmance of the Sale Order before the Ninth Circuit, which has not yet ruled.
2) Successful prosecution of a motion to sell real property located in Glendale for $87,500; successful defense of Hunt's appeal of the Sale Order before the District Court; and defense of Hunt's appeal of the District Court's affirmance of the Sale Order before the Ninth Circuit, which has not yet ruled.
3) Successful prosecution of a complaint to deny Hunt's discharge under §727(a).
4) Prosecution and settlement of three fraudulent transfer actions to recover real property that Hunt had conveyed to her brothers, resulting in a settlement payment of $250,000 to the estate.

The Court awards to SulmeyerKupetz, on an interim basis, fees in the amount of $679,308.50 and expenses in the amount of $16,857.48.

**LEA Accountancy's Interim Fee Application**

LEA Accountancy, LLP ("LEA"), the Trustee's accountant, seeks fees in the amount of $11,895.50 and expenses in the amount of $582.76, on an interim basis. LEA's services included, without limitation, preparing the estate's state and federal individual and fiduciary tax returns for 2011, 2012, 2013, and 2014 and resolving a federal tax lien. The Court finds that the services performed by LEA were beneficial to the estate, and that the time spent and rates charged for those services were reasonable. The Court awards to LEA, on an interim basis, fees in the amount of $11,895.50 and expenses in the amount of $582.76.

**Nathan Sommers Jacobs, APC's Final Fee Application**

Nathan Sommers Jacobs, APC ("Nathan Sommers"), seeks fees in the amount of $3,207.50 and expenses in the amount of $281.62, on a final basis. After entering judgment in the Trustee's favor for the recovery of two real properties located in Texas (the "Texas Properties"), the Court approved Nathan Sommers' employment as the Trustee's special real estate counsel. The Trustee subsequently entered into a global settlement agreement involving the Texas Properties as well as a third property which was also the subject of an avoidance action. Pursuant to the settlement agreement, which the Court approved, the estate received a payment of $250,000 in lieu of exercising its rights to liquidate the Texas Properties. As a result of the settlement, the Trustee no longer requires Nathan Sommers' services.

The Court finds that Nathan Sommers' services were necessary to preserve the estate's interest in the Texas Properties until the estate received the $250,000 settlement payment. The time spent and the rates charged for those services were reasonable. The Court awards to Nathan Sommers, on a final basis, fees in the amount of $3,207.50 and expenses in the amount of $281.62.

**Conclusion**

 For the reasons set forth above, the Court awards to each fee applicant the fees and expenses requested. The Court will enter orders consistent with this Memorandum of Decision.

###

Date: November 14, 2016

Ernest M. Robles
United States Bankruptcy Judge